**Hepp v. Hepp**

*Diane M. Devlin,* for plaintiff.
*Michael D. Carr,* for defendant.

DIGGINS, *S.J.,* October 9, 1986 — Currently before the court are two matters. First, defendant has filed an appeal from the master's decision and plaintiff has responded by filing a motion to quash the appeal. It is clear from the record that, inter alia, plaintiff contends that defendant failed to file specific exceptions to the master's findings. Defendant then filed a motion to file exceptions, nunc pro tunc. The court took argument on both issues.

This case has been litigated for the last five years and we will not repeat its history. The parties had a master's hearing scheduled and both parties attended said hearing. Defendant appeared but did not participate in this master's hearing. Defendant did not cross-examine plaintiff or produce any evidence on her behalf. The master filed his recommendations and defendant took a direct appeal, filing specific exceptions to the master's report.

Plaintiff contends, and we agree, that defendant's failure to participate in the master's hearing is fatal to her cause. Defendant is attempting to circumvent our judicial system. The master's system alleviates much of the caseload that prior to its inception was borne by the court. Defendant's failure to participate in the hearings makes a mockery of our system.

If we were to allow a party to ignore the master's system and then permit them to be entitled to a

hearing de novo, we would be sounding the death knell for our current system. The master system is set up to allow a just, expedient and inexpensive means of trying cases while at the same time, allowing for judicial review. Here defendant refused to participate and further delayed the matter. We believe in the axiom that "justice delayed is justice denied." Defendant was afforded the opportunity to participate in the trial of her case, yet she felt compelled to do nothing. This court can not and will not allow the circumvention of justice for any purpose.

We realize that there exists a difference between divorce matters and contract litigation. However, the reasoning of the court in *Howard v. Safeguard Mutual Insurance Co.*, 74 D.&C.2d 240 (1975), is applicable.

Judge Greenberg in discussing a litigant's refusal to participate in an arbitration, held:

"A litigant can not choose to ignore the arbitration hearings on the basis that he has an absolute right of appeal. This would result in a mockery being made of its kind in the country and would make meaningless the requirement that an appeal must be taken in good faith in the firm belief that an injustice has been done." 74 D.&C.2d 240, 242 (1975).

We could say the very same things about our master system. It has been very successful in alleviating the backlog in our courts. It has provided litigants an opportunity to resolve their differences and at the same time free-up our court to handle other matters. We are convinced that a litigant can not be allowed to circumvent this system.

Since we find that the appeal must be quashed, we decline to address the remaining issues and file the following

## ORDER

And now, this October 9, 1986, after hearing argument and reviewing briefs of respective counsel, it is ordered and decreed that defendant's appeal is hereby quashed and defendant's request for a hearing is denied.